113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEWPORT PACIFIC CALIFORNIA METRO FUND, a California Limited
Partnership, d/b/a Diamond Estates Plaintiff/Appellant,
v.
DIAMOND K ESTATES HOMEOWNERS ASSOCIATION, INC., Defendant/Appellee.
 No. 95-17299.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1997.
Submission Deferred Feb. 24, 1997.
Resubmitted March 24, 1997.
Decided May 2, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges; KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Newport Pacific California Metro Fund ("Newport") appeals the district court's order granting summary judgment to Diamond K Estates Homeowners Association, Inc. ("Diamond K"). The facts are known to the parties.
 
 
 4
 Newport brought this suit claiming that Diamond K violated the Fair Housing Amendments Act ("the Act") by seeking an injunction to enforce a lease term. 42 U.S.C. § 3617.[1] The district court concluded that Diamond K did not violate the Act by seeking a state injunction to enforce the term, which Diamond K believed created a right to an age-55 housing restriction for the duration of the leases. The Act specifically permits age-55 housing restrictions.[2] 42 U.S.C. § 3607(b)(1). The court correctly reasoned that since the Act allowed this age-55 restriction, it could not be a violation of the Act to seek to enforce a valid contract establishing the age restriction.
 
 
 5
 Newport argues that the district court erred because we have previously held that mobile home park owners have the right to choose whether to be an all-age facility or senior housing. United States v. City of Hayward, 36 F.3d 832, 838 (9th Cir.1994), cert. denied, 116 S.Ct. 65 (1995). However, the district court correctly concluded that City of Hayward is inapposite. That case involved a mobile home park owner who was required by amendments to the Fair Housing Act to end its "adults only" rule. In complying with the required rule change the park owner decided to become an all-age park, rather than adopt the equally lawful age-55 restriction.
 
 
 6
 Under such circumstances we held that the City violated the Act by granting a rent reduction to the park residents who complained of the all-age rule. Since the only lost value to the residents was from the elimination of discriminatory practices, we held that the rent reduction was punitive and an unlawful interference with the landowner's efforts to comply with the Act. Id. at 836. Here, in contrast, Newport was not seeking to end discriminatory practices but merely wished to change to an all-age rule in order to avoid possible expenses in maintaining senior housing. Nothing in City of Hayward will shield Newport from state court enforcement of valid contractual promises which are lawful under the Fair Housing Act.
 
 
 7
 Newport next argues that City of Hayward establishes that seeking an injunction rather than monetary damages for breach of contract is unlawful interference under the Act. Newport's argument is unavailing. City of Hayward concerned a rent reduction authorized by a city commission. There is no mention in the opinion of the proper remedy for breach of a valid, lawful contract; nor did the case concern a distinction between an injunction and monetary damages for breach. Therefore City of Hayward does not support Newport's argument that injunctions are forbidden as a remedy for breach of a lawful housing contract.
 
 
 8
 Finally, Newport argues that the district court's order means that once a mobile home park adopts an age-55 restriction, it must maintain this restriction for all time, and can never seek to become an all-age park. The district court held nothing of the kind. Once any valid leases have expired, an owner is free to enter into newly drafted leases with any lawful conditions the parties agree upon.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 It shall be unlawful to coerce, intimidate, threaten, or interfere with any person ... on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by section ... 3604 .. of this title
 42 U.S.C. § 3617.
 
 
 [2]
 A California trial court initially granted the injunction, holding that the leases created an enforceable contract right to the age restriction. Subsequently, a California appeals court reversed, finding that the lease term did not amount to a promise, and the injunction was dissolved. The California Supreme Court declined to review the Court of Appeal. Because Newport included a request for damages resulting from the state court action, this appeal is not rendered moot by the California courts' decisions